UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHUN ANTONIO FIELDS            CIVIL ACTION NO. 16-CV-0013

VERSUS                          JUDGE ELIZABETH FOOTE

LOUISIANA DEPARTMENT OF LABOR   MAGISTRATE JUDGE HAYES

## JUDGMENT

Before the Court is Defendant Louisiana Workforce Commission's Motion To Dismiss [Record Document 12] Plaintiff Shun Antonio Fields's complaint. Record Document 2. Plaintiff filed a pro se complaint after he was disqualified from receiving unemployment insurance benefits. Id. The Louisiana Workforce Commission ("LWC") moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff did not oppose the motion.

For the reasons discussed below, LWC's motion is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**I. Factual and Procedural Background**

LWC determined that Plaintiff was fraudulently overpaid in unemployment insurance benefits in 2011 and 2012, and disqualified him from receiving unemployment insurance benefits from July 2013 to July 2014. Record Document 2-1. He appealed that decision to the Louisiana Board of Review, which dismissed the appeal as untimely. Id. at p. 2. He then filed a letter with this Court seeking to appeal the

Board's decision, Record Document 1, as well as the subsequent complaint against the Louisiana Department of Labor,[1] stating that "I am denying getting benefits while working there dates are wrong" and "A tree fell on home and I was fired cause I needed to check on my family." Record Document 2, p. 1-2.

LWC moved to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, under Rule 12(b)(5) for insufficient service of process, and under Rule 12(b)(6) for failure to state a claim. Because the Court finds that it lacks subject matter jurisdiction to hear this case, it need not address alternative grounds.

## II. Discussion

### A. Standard of Review under 12(b)(1)

A federal court may hear a case only when it has the statutory or constitutional power to do so. Home Builders Ass'n of Mississippi, Inc., v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). Under Rule 12(b)(1), if such jurisdiction is lacking, the case must be dismissed. Id.

### B. Eleventh Amendment Immunity

Federal court jurisdiction is limited by the Eleventh Amendment to the Constitution, which bars suits in federal court brought by a citizen against a state, unless the state consents to suit. U.S. CONST. amend. XI; Vogt v. Bd. of Comm'rs of the Orleans Levee Dist., 294 F.3d 684, 688 (5th Cir. 2002) ("The ultimate guarantee of the Eleventh Amendment . . . is that a non-consenting State may not be sued in federal

---

[1] The Louisiana Department of Labor was renamed the Louisiana Workforce Commission beginning July 1, 2008. 2008 La. Acts No. 743.

court by private individuals, including its own citizens."). Louisiana does not consent to suit in federal court. La. R.S. § 5106(A); Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 281 (5th Cir. 2002).

Eleventh Amendment sovereign immunity extends to entities that are considered an arm of the state. Regents of the Univ. of California v. Doe, 519 U.S. 425, 429-30 (1997); Vogt, 294 F.3d at 689. A state agency is an arm of the state. Daigle v. Gulf State Utilities Co., 794 F.2d 974, 980 (5th Cir. 1986). LWC is a state agency. La. R.S. § 36:301 ("The Louisiana Workforce Commission shall be deemed to be one of the twenty departments of the executive branch of state government..."). Courts have recognized that LWC, as a state agency, is an arm of the state and is therefore immune from suit under the Eleventh Amendment. Sandres v. Louisiana Workforce Comm'n, No. 09-0652, 2010 WL 565378, at *3 (M.D. La. Feb. 17, 2010) ("the Eleventh Amendment precludes the plaintiff's action against LWC"); Valdery v. Louisiana Workforce Comm'n, No. 15-01547, 2015 WL 5307390, at *2 (E.D. La. Sept. 10, 2015); see Chaney v. Louisiana Workforce Comm'n, 560 Fed. Appx. 417 (5th Cir. 2014).

Here, Plaintiff brought suit against the Louisiana Workforce Commission, which is immune from suit. The Eleventh Amendment prohibits this claim, and it must therefore be dismissed.

### III. Conclusion

For the reasons stated above, the Court **GRANTS** the motion to dismiss [Record Document 12]. Plaintiff's claims against LWC are **DISMISSED WITH PREJUDICE** for

lack of subject matter jurisdiction.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 19th day of September, 2016.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE